### STEVENS v ATZBERGER, Admr
### VEVERKA v ATZBERGER, Admr

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 13900 & 13901. Decided Dec 3, 1934

Robert G. Curren, Cleveland, and Carl B. Webster, for plaintiff in error.

Payer, Corrigan & Cook, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

### OPINION

By MONTGOMERY, J.

At the conclusion of the evidence the trial court withdrew from the consideration of the jury all evidence bearing upon the defense of self-defense or justification and submitted to the jury only the question of the amount of damages. A verdict having been returned for the administrator and judgment entered upon the verdict, the defendants below filed in this court these separate proceedings in error seeking a reversal of the judgment of the court below. In the petitions in error there are a number of assignments of error, but in argument two only are stressed, to-wit:

First: The refusal of the court to permit evidence to the effect that the decedent was in the act of committing a crime and to the effect that the decedent had previously thereto been guilty of other crimes.

Second: The ruling of the court withdrawing from the consideration of the jury the evidence of self-defense or justification.

We have considered the other assignments of error but find no merit in them. We do not find any error in the exclusion

of evidence complained of. There is nothing in the record to show that these police officers had any knowledge of the previous commission of any crime by the decedent, or that he had committed any crime on this occasion prior to their attempted apprehension of him. The evidence upon these propositions was properly excluded.

The only serious question involved in this proceeding is the matter of the exclusion of defendant's evidence and the directing of the verdict. It is contended by defendant in error that the action of the lower court was proper for two reasons: first, that these officers were aggressors and, therefore, have no right to rely upon the claim of self-defense; and, second, that even if they had such legal right, the facts in the instant case show that they were not acting in reasonable fear for their lives or safety.

The record shows that these two officers on duty and in uniform responded to a call sent in by a householder to the effect that a prowler was at that time, to-wit, about eleven o'clock P. M. on the premises; that the officers repaired immediately to the house, were advised by the householder that the prowler was somewhere in the rear; that they went from the front to the rear of the house, one on each side of it, and being themselves in the moonlight, saw in the rear of the premises, in the shadow of a garage, a man, who afterwards proved to be the decedent. Upon the appearance of the officers the man started to run. They called to him two or three times to stop, one of them testifying that he announced that they were police officers. They testified that the man half turned, raised his arm; that they saw some shining object in his hand which one of them testified he thought was a gun and that he thought the man was going to shoot. Both officers fired, but the man continued to run and a short time later was found dead some distance from the place of the shooting.

We cannot say or find as a matter of law that these officers were acting without right or without justification. Here is a situation of a prowler near the midnight hour on premises where he had no right to be, acting in a suspicious manner, having some shining instrument in his hand, which the householder saw, which the officers believed to be a gun. They were in the performance of their duty. They were not trespassers nor aggressors. They were justified in apprehending this man, at least for purposes of investigation.

This being so, the remaining question is whether or not there was any evidence sufficient for submission to the jury upon the question as to whether they had reasonable cause for believing that they were in danger of their lives or their safety. The evidence upon the proposition has been heretofore stated. It is specific. It, therefore, in our judgment, became a question of fact for the jury to determine under the issues as pleaded in this action. It is not a matter of law. It is not for a court to say that there is no evidence to be submitted to a jury. In the withdrawal from the jury of the evidence of self-defense or justification, the trial court in our judgment committed prejudicial error, and the judgment of that court therefore must be and it is reversed and this cause is remanded for further proceedings. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.